1  Kevin P. Whiteford, CSBN: 142916
   SERLIN & WHITEFORD, LLP
2  900 Howe Ave., Suite 250
   Sacramento, CA 95825
3  Telephone:    (916) 446-0790
   Fax:          (916) 446-0791
4  kw@swllplaw.com

5  Attorneys for Defendant and Counterclaim Plaintiff
   BANC OF AMERICA LEASING &
6  CAPITAL, LLC

7

8                         UNITED STATES DISTRICT COURT
9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  ADVANCE LIFTS, INC., an Illinois )   CASE NO.      3:21-cv-04361-JCS
    corporation,                     )
11                                   )
                     Plaintiff,      )   **ANSWER AND COUNTERCLAIM OF**
12                                   )   **BANC OF AMERICA LEASING &**
    vs.                              )   **CAPITAL, LLC AGAINST ADVANCE**
13                                   )   **LIFT, INC.**
    ORACLE AMERICA, INC., a Delaware )
14  corporation, FOLIO3 SOFTWARE, INC., a )
    California corporation, and BANC OF )
15  AMERICA LEASING & CAPITAL, LLC, a )
    Delaware limited liability company, )
16                                   )
                     Defendants.     )
17  _____ )
                                     )
18  BANC OF AMERICA LEASING &        )
    CAPITAL, LLC, a Delaware limited liability )
19  company,                         )
                                     )
20             Counterclaim Plaintiff, )
                                     )
21  vs.                              )
                                     )
22  ADVANCE LIFTS, INC., an Illinois )
    corporation,                     )
23                                   )
               Counterclaim Defendant. )
24  _____ )

25

26          Defendant and Counterclaim Plaintiff Banc of America Leasing & Capital, LLC ("BALC")

27  hereby responds to the complaint in this action by Plaintiff and Counterclaim Defendant Advance

28  Lifts, Inc. ("Advance Lifts"), as follows:

**ANSWER TO COMPLAINT**

**JURISDICTION**

1.    BALC admits that jurisdiction exists pursuant to 28 U.S.C. §1332.

**VENUE AND INTRADISTRICT ASSIGNMENT**

2.    BALC admits that venue is proper in this District.

**PARTIES**

3.    BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and therefore denies each and every allegation therein.

4.    BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore denies each and every allegation therein.

5.    BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and therefore denies each and every allegation therein.

6.    BALC admits that it is a limited liability company organized and existing under the laws of the State of Delaware.  BALC admits that its principal place of business is located in San Francisco, California.  BALC denies the remaining allegations of paragraph 6 of the Complaint.

**NATURE OF THE ACTION**

7.    BALC admits that in or about late October 2019, Advance Lifts, Inc. (hereinafter "Plaintiff") purchased software from Oracle and entered into agreements relating thereto.  BALC admits that Plaintiff subsequently sent BALC a letter purporting to terminate these agreements. BALC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint, and they are therefore denied.

**STATEMENT OF FACTS COMMON TO ALL COUNTS**

***Regarding allegations of Advance Lifts' Business and Software Needs***

8.    BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore denies each and every allegation

1   therein.

2       9.      BALC lacks knowledge and information sufficient to form a belief as to the truth of

3   the allegations in paragraph 9 of the Complaint and therefore denies each and every allegation

4   therein.

5       10.      BALC lacks knowledge and information sufficient to form a belief as to the truth of

6   the allegations in paragraph 10 of the Complaint and therefore denies each and every allegation

7   therein.

8       11.      BALC lacks knowledge and information sufficient to form a belief as to the truth of

9   the allegations in paragraph 11 of the Complaint and therefore denies each and every allegation

10  therein.

11      12.      BALC lacks knowledge and information sufficient to form a belief as to the truth of

12  the allegations in paragraph 12 of the Complaint and therefore denies each and every allegation

13  therein.

14      13.      BALC lacks knowledge and information sufficient to form a belief as to the truth of

15  the allegations in paragraph 13 of the Complaint and therefore denies each and every allegation

16  therein.

17      14.      BALC lacks knowledge and information sufficient to form a belief as to the truth of

18  the allegations in paragraph 14 of the Complaint and therefore denies each and every allegation

19  therein.

20      15.      BALC lacks knowledge and information sufficient to form a belief as to the truth of

21  the allegations in paragraph 15 of the Complaint and therefore denies each and every allegation

22  therein.

23      16.      BALC lacks knowledge and information sufficient to form a belief as to the truth of

24  the allegations in paragraph 16 of the Complaint and therefore denies each and every allegation

25  therein.

26      17.      BALC lacks knowledge and information sufficient to form a belief as to the truth of

27  the allegations in paragraph 17 of the Complaint and therefore denies each and every allegation

28  therein.

18.    BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and therefore denies each and every allegation therein.

19.    BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and therefore denies each and every allegation therein.

20.    BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and therefore denies each and every allegation therein.

21.    BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and therefore denies each and every allegation therein.

***Regarding allegations of Oracle, Folio3 and Advance Lifts' CRM/MRP Systems***

22.    BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and therefore denies each and every allegation therein.

23.    BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and therefore denies each and every allegation therein.

24.    BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and therefore denies each and every allegation therein.

25.    BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and therefore denies each and every allegation therein.

26.    BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and therefore denies each and every allegation therein.

27.    BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and therefore denies each and every allegation therein.

28.    BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and therefore denies each and every allegation therein.

29.    BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and therefore denies each and every allegation therein.

30.    BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and therefore denies each and every allegation therein.

31.    BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and therefore denies each and every allegation therein.

32.    BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and therefore denies each and every allegation therein.

33.    BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and therefore denies each and every allegation therein.

34.    BALC admits that Plaintiff signed a Subscription Services Agreement with Oracle America.  BALC admits that Plaintiff signed a Statement of Work with Folio3.  BALC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34 of the Complaint, and they are therefore denied.

35.    BALC admits that an Oracle's entity's rights to payment from Plaintiff was assigned to BALC.  BALC otherwise denies the allegations of paragraph 35 of the Complaint.

//

*Regarding allegations of Customization and Implementation of NetSuite*

36.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and therefore denies each and every allegation therein.

37.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint and therefore denies each and every allegation therein.

38.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and therefore denies each and every allegation therein.

39.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint and therefore denies each and every allegation therein.

40.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint and therefore denies each and every allegation therein.

41.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint and therefore denies each and every allegation therein.

42.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint and therefore denies each and every allegation therein.

*Regarding allegations of NetSuite's Failure to Perform Functions as Represented*

43.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and therefore denies each and every allegation therein.

44.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint and therefore denies each and every allegation

therein.

45.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint and therefore denies each and every allegation therein.

46.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint and therefore denies each and every allegation therein.

***Regarding allegations of Notice of Breach to Oracle, Failure to Cure and Termination***

47.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint and therefore denies each and every allegation therein.

48.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and therefore denies each and every allegation therein.

49.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and therefore denies each and every allegation therein.

50.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint and therefore denies each and every allegation therein.

51.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint and therefore denies each and every allegation therein.

52.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint and therefore denies each and every allegation therein.

53.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint and therefore denies each and every allegation

therein.

54.    BALC admits it refuses to acknowledge any right for Plaintiff to terminate the loan agreement assigned to BALC.  BALC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 54 of the Complaint, and they are therefore denied.

### *Regarding allegations of Notice of Termination to Banc of America*

55.    BALC admits it received the April 8, 2021 letter attached as Exhibit 7 to the Complaint.  BALC rejects any characterization of the letter. The document speaks for itself, and any inference to the contrary is denied.  BALC otherwise denies the allegations of paragraph 55 of the Complaint.

56.    BALC admits it refuses to acknowledge any right for Plaintiff to terminate the loan agreement assigned to BALC. BALC otherwise denies the allegations of paragraph 56 of the Complaint.

57.    BALC admits it continues to demand payment from Plaintiff of the debt owed by Advance Lift pursuant to the Payment Plan Agreement and Payment Schedule assigned to BALC. BALC otherwise denies the allegations of paragraph 57 of the Complaint.

58.    BALC admits it sent Plaintiff a letter dated May 19, 2021, which included written notice of Plaintiff default under the Payment Plan Agreement and Payment Schedule assigned to BALC, and included a demand for payment of the accelerated balance due thereunder.  BALC otherwise denies the allegations of paragraph 58 of the Complaint.

59.    BALC admits it sent Plaintiff a letter dated May 19, 2021, which included written notice of Plaintiff default under the Payment Plan Agreement and Payment Schedule assigned to BALC, and included a demand for payment of the accelerated balance due thereunder.  BALC otherwise denies the allegations of paragraph 59 of the Complaint.

## CAUSES OF ACTION

### *First Claim for Relief*

### *Breach of Contract Against Oracle*

60.    BALC incorporates its foregoing averments as though fully set forth herein.

61.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint and therefore denies each and every allegation therein.

62.     The document speaks for itself and any inference to the contrary is denied.

63.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint and therefore denies each and every allegation therein.

64.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint and therefore denies each and every allegation therein.

65.     The document speaks for itself and any inference to the contrary is denied..   BALC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 65 of the Complaint, and they are therefore denied.

66.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint and therefore denies each and every allegation therein.

67.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint and therefore denies each and every allegation therein.

68.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint and therefore denies each and every allegation therein.

No response is required to Plaintiff's prayer for relief.  However, to the extent the prayer may be asserting factual allegations, BALC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the prayer, and they are therefore denied.

### *Second Claim for Relief*

### *Fraud in the Inducement Against Oracle*

69.     BALC incorporates its foregoing averments as though fully set forth herein.

1    70.    BALC lacks knowledge and information sufficient to form a belief as to the truth of

2 the allegations in paragraph 70 of the Complaint and therefore denies each and every allegation

3 therein.

4    71.    BALC lacks knowledge and information sufficient to form a belief as to the truth of

5 the allegations in paragraph 71 of the Complaint and therefore denies each and every allegation

6 therein.

7    72.    BALC lacks knowledge and information sufficient to form a belief as to the truth of

8 the allegations in paragraph 72 of the Complaint and therefore denies each and every allegation

9 therein.

10    73.    BALC lacks knowledge and information sufficient to form a belief as to the truth of

11 the allegations in paragraph 73 of the Complaint and therefore denies each and every allegation

12 therein.

13    74.    BALC lacks knowledge and information sufficient to form a belief as to the truth of

14 the allegations in paragraph 74 of the Complaint and therefore denies each and every allegation

15 therein.

16    75.    BALC lacks knowledge and information sufficient to form a belief as to the truth of

17 the allegations in paragraph 75 of the Complaint and therefore denies each and every allegation

18 therein.

19    76.    BALC lacks knowledge and information sufficient to form a belief as to the truth of

20 the allegations in paragraph 76 of the Complaint and therefore denies each and every allegation

21 therein.

22    77.    BALC lacks knowledge and information sufficient to form a belief as to the truth of

23 the allegations in paragraph 77 of the Complaint and therefore denies each and every allegation

24 therein.

25    78.    BALC lacks knowledge and information sufficient to form a belief as to the truth of

26 the allegations in paragraph 78 of the Complaint and therefore denies each and every allegation

27 therein.

28 //

79.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint and therefore denies each and every allegation therein.

80.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint and therefore denies each and every allegation therein.

No response is required to Plaintiff's prayer for relief.  However, to the extent the prayer may be asserting factual allegations, BALC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the prayer, and they are therefore denied.

### *Third Claim for Relief*

### *Breach of Contract Against Folio3*

81.     BALC incorporates its foregoing averments as though fully set forth herein.

82.     The document speaks for itself and any inference to the contrary is denied.  BALC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 82 of the Complaint, and they are therefore denied.

83.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint and therefore denies each and every allegation therein.

84.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint and therefore denies each and every allegation therein.

85.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint and therefore denies each and every allegation therein.

86.     BALC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint and therefore denies each and every allegation therein.

//

1        No response is required to Plaintiff's prayer for relief. However, to the extent the prayer may

2   be asserting factual allegations, BALC lacks knowledge or information sufficient to form a belief as

3   to the truth of the remaining allegations of the prayer, and they are therefore denied.

4             ***Fourth Claim for Relief***

5    ***Declaratory Judgment as to the Termination of the SSA, the Payment Assignment to***

6        ***Banc of America, and the Payment Obligations of Advance Lifts***

7       87.    BALC incorporates its foregoing averments as though fully set forth herein.

8       88.    BALC denies the allegations contained in paragraph 88 of the Complaint.

9       89.    BALC denies the allegations contained in paragraph 89 of the Complaint.

10        No response is required to Plaintiff's prayer for relief. However, to the extent the prayer may

11   be asserting factual allegations, BALC lacks knowledge or information sufficient to form a belief as

12   to the truth of the remaining allegations of the prayer, and they are therefore denied.

13             **RELIEF REQUESTED**

14        No response is required to Plaintiff's prayer for relief. However, to the extent the prayer may

15   be asserting factual allegations, BALC lacks knowledge or information sufficient to form a belief as

16   to the truth of the remaining allegations of the prayer, and they are therefore denied.

17          **AFFIRMATIVE AND OTHER DEFENSES**

18        In accordance with Rule 8(c) of the Federal Rules of Civil Procedure, BALC asserts the

19   following defenses to Plaintiff's Complaint and the causes of action asserted therein as follows:

20       1.    Plaintiff's complaint fails to state a claim upon which relief may be granted.

21       2.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's breach of its contracts

22   with the Defendants in this action, including its contract with BALC.

23       3.    Plaintiff's claims are barred, in whole or in part, because BALC and its predecessor

24   in interest have fully performed their obligations under the finance agreement assigned by BALC.

25       4.    Plaintiff's claims are barred, in whole or in part, by California Code of Civil

26   Procedure sections 337(a), 338(a), 339(1) and (3), and by California Commercial Code sections

27   2725(1) and 10506(a).

28   //

5.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered a concrete injury, and otherwise lacks standing under Article III of the United States Constitution to bring and maintain this action against BALC.

6.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

7.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's conduct, which constitutes a waiver of Plaintiff's rights under the alleged contract between the parties.

8.     Plaintiff claims are barred, in whole or in part, because the alleged breaches were immaterial and BALC has substantially performed its obligations under the contract between the parties.

9.     Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

10.     Plaintiff's claims are barred, in whole or in part, by its failure to mitigate its damages.

11.     BALC further alleges that the Complaint, and all claims for relief against BALC therein, are barred because they are alleged to arise from the finance agreement attached as Exhibit 3 to the Complaint, and that finance agreement is independent of the separate Subscription Services Agreement and Statement of Work between Plaintiff and Oracle America and Folio3, respectively, and fully operative and enforceable despite the alleged actions or breaches by Oracle America or Folio3 under their separate agreements with Plaintiff.

12.     BALC further alleges that the Complaint, and all claims for relief against BALC therein, are barred because BALC is a holder in due course, and good faith assignee for value of the finance agreement that was assigned to BALC.

13.     BALC further alleges that the Complaint, and all claims for relief against BALC therein, are barred because Plaintiff suffered no damages as a result of any breach by BALC.

14.     BALC further alleges that the Complaint, and all claims for relief against BALC therein, are barred because Plaintiff waived any claims against BALC that might be asserted by Plaintiff based on the alleged wrongful conduct and breaches by the other defendants in this action.

15.     BALC reserves its right to assert additional affirmative defenses as warranted by fact or law.

//

1 | //

2 | WHEREFORE BALC prays for judgment on the Complaint as follows:

3 | 1.   That Plaintiff take nothing by reason of its complaint and that judgment be entered

4 | in favor of BALC;

5 | 2.   That BALC be awarded its attorney's fees and costs of suit herein incurred; and

6 | 3.   For such other and further relief as the Court may deem proper.

7 | **COUNTERCLAIM**

8 | Defendant/Counterclaim Plaintiff BALC seeks an award of damages against

9 | Plaintiff/Counterclaim Defendant Advance Lifts for breach of the separate and independent financing

10 | agreement between BALC and Advance Lifts.  BALC is the assignee of the finance agreement that

11 | is the subject of Advance Lifts's declaratory relief cause of action in the Complaint.  Advance Lifts

12 | is required to repay the financing under its separate finance agreement with BALC, despite any

13 | alleged issues with the financed services and support.  Advance Lifts's obligation to repay this debt

14 | is not dissimilar to a borrower's obligation to repay an automobile loan from a bank despite the fact

15 | the automobile does not run properly.  Advance Lifts expressly disclaimed any warranty claims

16 | against assignee BALC in the finance agreement.  Advance Lifts instead agreed that its sole remedy

17 | for such claims would be against the supplier of the software and services it had financed.

18 | **JURISDICTION**

19 | 1.   Jurisdiction of this action is based on 28 U.S.C. section 1332 (Diversity Jurisdiction)

20 | because the principal place of business of Advance Lifts, BALC, Oracle America, Inc., and Folio3

21 | Software, Inc. are in different states, and the amount in controversy exceeds $75,000.00.

22 | **VENUE AND INTRADISTRICT ASSIGNMENT**

23 | 2.   Venue is proper under 28 U.S.C. 1391(b)(2) in this district because this is where a

24 | substantial part of the events or omissions giving rise to the claim occurred.

25 | **PARTIES**

26 | 3.   Defendant and Counterclaim Plaintiff BALC is a limited liability company that is

27 | organized and exists under the laws of the State of Delaware, and its principal place of business is

28 | in San Francisco, California.

BANC OF AMERICA LEASING & CAPITAL'S ANSWER
AND COUNTERCLAIM AGAINST ADVANCE LIFTS, INC.        14.

*Advance Lifts, Inc. vs. Oracle America, Inc., et al.*
Case Number 3:21-cv-04361-JCS

4.     BALC is informed and believes Plaintiff and Counterclaim Defendant Advance Lifts is organized and exists under the laws of the State of Illinois, and that its principal place of business is located at Kane County, Illinois.5.

## THE ALLEGATIONS

6.     BALC is a finance company that sometimes acts as a secondary market for commercial finance agreements.  In this case, BALC acted in this capacity by purchasing a finance agreement executed by Advance Lifts to obtain software and services from Oracle America and other parties.

7.     On or about October 28, 2019, Advance Lifts executed and entered into Payment Plan Agreement Number 15292 and Payment Schedule (Software) 112642 with Oracle Credit Corporation (hereinafter "OCC").  On October 28, 2020, Advance Lifts and OCC executed Amendment No. 1 to Payment Plan Agreement Number 15292 and Payment Schedule (Software) 112642.  Attached hereto as Exhibit A and incorporated herein by this reference are true and correct copies of Payment Plan Agreement Number 15292, and Payment Schedule (Software) 112642 and Amendment No. 1 (hereinafter referred to together as the "Finance Agreement").

8.     Pursuant to the terms of the Finance Agreement, OCC agreed to finance and pay for Advance Lifts's acquisition of the services and support more particularly identified in the Estimates referenced in the Finance Agreement's Payment Schedule and Amendment No. 1.

9.     BALC and its predecessor in interest have performed all conditions, covenants, and promises required on their part to be performed, in accordance with the terms and conditions of the Finance Agreement, except any conditions, covenants, or promises prevented or excused by the conduct of Advance Lifts.

10.     On or about December 16, 2019 and March 3, 2021, OCC assigned all its right to payments under the Finance Agreement to BALC for good and valuable consideration received.

11.     Advance Lifts is required by the terms of the Finance Agreement to repay the funding provided under the Finance Agreement by remitting 54 monthly installment payments commencing May 1, 2020, and continuing through October 1, 2024.  Advance Lifts also agreed to pay applicable taxes and other charges stated in the Finance Agreement.

12.     On February 1, 2021, Advance Lifts breached the Finance Agreement by failing and refusing to pay the installment payment then due, and Advance Lifts has subsequently failed and refused to make the balance of the payments as they have come due under the Finance Agreement.

13.     On May 19, 2021, BALC made written demand on Advance Lifts for the immediate payment of the accelerated balance due BALC under the Finance Agreement.

14.     Advance Lifts has paid BALC no part of the accelerated balance due under the Finance Agreement since BALC made written demand therefore.

15.     As a result of Advance Lifts' breaches of the Finance Agreement, BALC has been damaged in an unpaid principal sum of $342,077.47, plus accrued interest at the rate of $168.70 per day from and after May 29, 2021.

16.     The Finance Agreement provides, inter alia, that Advance Lifts shall compensate BALC for its attorney fees and costs of suit in any action by BALC to enforce the Finance Agreement.  By reason of the aforesaid breaches of the Finance Agreement, BALC has incurred and will continue to incur legal fees, and is entitled to recover an award of attorney's fees from Advance Lifts in this action.

## PRAYER

WHEREFORE BALC prays for judgment on its counterclaim as follows:

1.     For judgment in favor of Banc of America Leasing & Capital, LLC and against Advance Lifts, Inc. for the unpaid principal sum due under the Finance Agreement of $342,077.47 plus accrued interest at the rate of $168.70 from and after May 29, 2021;

2.     For attorneys' fees and costs of suit herein incurred; and

3.     For such other and further relief as the Court may deem proper.

DATED:  July 21, 2021                                SERLIN & WHITEFORD, LLP


                                                     By:    _____
                                                            KEVIN P. WHITEFORD
                                                            Attorneys for Defendant and Counterclaim
                                                            Plaintiff BANC OF AMERICA LEASING &
                                                            CAPITAL, LLC

\\DATASERVER\WPDocks\Active Files\banc of america\advance lifts\court docs\answer and counterclaim.wpd

# EXHIBIT A

DocuSign Envelope ID: C3F6D6E9-CF25-4A39-B1EB-C872E670598F

# ORACLE®

**Payment Plan Agreement**

| Customer: | Advance Lifts, Inc. |
|---|---|
| Address: | 701 Kirk Rd |
| | Saint Charles IL 60174 |
| PPA No.: | 15792 |
| Effective Date: | 28 oct 19 |

**Executed by Customer (authorized signature):**

Signature: *Hank Renken*

Name: Hank Renken

Title: President

**Executed by Oracle Credit Corporation:**

Signature: *[signature]*

Name: Lisa Strickland

Title: OFD Field Operations Manager
NA2 Operations

This Payment Plan Agreement ("PPA") is entered into by Customer and Oracle Credit Corporation ("OCC") for payment of Customer's acquisition of the System. Each Schedule will incorporate the terms of this PPA to form a single contract ("Contract") and provide transaction specific information, including the System Price and the System. The System is acquired from Oracle Corporation, one of its affiliates, an authorized distribution partner or any other party providing the System (each, a "Supplier"). Customer has acquired the System from the applicable Supplier pursuant to the Order, which is subject to an agreement (together, the "Order") governing the terms and conditions of Customer's right in the System. The Order will be specified in the Schedule. Customer agrees that the System consists of all products and services specified in the Order for which fees are included in the System Price, together with software upgrades, and updates received from support related to the System ("System"). Customer retains its right against Supplier under the Order to make any claims and therefore agrees to make such claims solely against the Supplier. Except as provided under this Contract, such rights and Customer's remedies against Supplier under the Order, including Supplier's warranty provisions, shall not be affected.

**1. PAYMENT SCHEDULE:** Customer agrees to pay the Payment Amounts in accordance with the Contract. If full payment of each Payment Amount and other amounts payable is not received within 10 days of the applicable Due Date, Customer agrees to pay interest from the Due Date on the overdue amount at the rate equal to the lesser of 1.5% per month, or the maximum amount allowed by law. Taxes will mean any applicable sales, use, property, value added tax or any other tax or charge allocable to the System, Order or the Contract ("Taxes"). Unless stated otherwise, Payment Amounts exclude Taxes. Any amounts payable under the Order, which are not paid through this Contract, are payable by Customer pursuant to the Order. Customer's obligation to remit Payment Amounts and applicable Taxes paid through this Contract to OCC in accordance with this Contract is absolute, unconditional, non-cancellable, and independent, and shall not be subject to any set-off, recoupment, claim or defense for any reason, including, but not limited to, any termination of or dispute arising under the Order or any related agreements, or performance of the System, or any claim(s) against Supplier.

**2. DEFAULT:** Any of the following will constitute a Default under the Contract: (a) Customer fails to pay when due any sums due under any Contract; (b) Customer fails to perform any material obligation or breaches any representation in any Contract; (c) Customer no longer has the right to use any part of the System as a result of a material breach of an agreement with Supplier or termination of Customer's right to use any part of the System; and (d) Customer ceases business, or becomes insolvent or is subject to bankruptcy, reorganization or insolvency proceedings.

**3. REMEDIES:** In the event of a Default that is not cured within 30 days of its occurrence, OCC or its Assignee may: (i) require an amount equal to the sum of all amounts then due and owing, and the unpaid remaining Payment Amounts specified in the Contract (discounted at the lesser of the rate in the Contract or the Index Rate specified in the Schedule per annum simple interest) to become immediately due and payable; (ii) terminate all of Customer's rights to use the System and related support and (iii) pursue any other rights or remedies legally available. Upon termination of the right to use the System, Customer shall cease use and return the System as directed by OCC and promptly deliver to OCC a certificate of non-use

signed by an authorized signatory. Customer agrees that if Customer does not pay under the Contract, then pursuant to the Order, Supplier is not obliged to continue providing services that are a part of the System. If OCC or its Assignee takes any action related to claims under the Contract, Customer shall pay, in addition to the amounts due above, all costs and expenses of such action including reasonable attorneys' fees. Failure or delay by OCC or its Assignee to exercise any right or remedy will not operate as a waiver thereof, or of any breach, and all remedies are cumulative and not exclusive. Customer acknowledges that no party shall license, lease, transfer or use any software or other licensed products included in the System in mitigation of damages resulting from Customer's Default, except as allowed under the Order, subject to applicable law.

**4. ASSIGNMENT:** Customer consents to the sale or assignment of all or a portion of OCC's rights in the Contract or in the System, including the right to exercise remedies, to third parties ("Assignee") Assignee will not assume any of Supplier's obligations under the Order. Customer shall pay all amounts due under the Contract, and agrees that it shall not assert against Assignee any claim, defense, or setoff that Customer may have against Supplier or OCC. Customer waives all rights to make any claims against Assignee for any loss, damage of the System or breach of any warranty, express or implied with respect to the System, including the System and service performance, functionality, features, and warranties of merchantability and fitness for a particular purpose, if any, or any indirect, incidental or consequential damages or loss of business.

**5. MISCELLANEOUS:** Customer represents and warrants that this Contract has been duly authorized and constitutes a legal, valid and binding agreement of the Customer. Customer agrees that it will not assert that any terms in the Order or related agreement (including subsequent amendments) affect its payment obligation or OCC's rights under the Contract and in the System. Any transfer of obligations under this Contract shall require OCC's and Assignee's prior written consent. A transfer shall include a change in majority ownership of Customer. Until all sums due under the Contract have been paid, the System remains subject to the Contract. Customer agrees, with respect to the Contract, to promptly execute and deliver any ancillary documents (including acceptance certificates, confirmation of delivery, proof of authorization, notices of assignment, and any agreement related to the System) and take further actions, such as registrations and filings, as OCC or Assignee may reasonably request. Customer agrees to provide OCC or Assignee copies of its financial statements or other financial information as OCC or Assignee may reasonably request. The Contract constitutes the entire agreement between Customer and OCC regarding the subject matter herein, and is separate from, and will supersede any inconsistent terms set forth in the Order, any supply agreement, Customer purchase orders and all prior oral and written understandings. Capitalized terms not defined herein will have the meaning set forth in the Schedule. If any provision of the Contract is invalid, such invalidity will not affect the enforceability of the remaining terms of the Contract Customer shall provide all notices, including bankruptcy or administrative notices, to Operations as specified in the Schedule. All parties may treat executed faxes, scanned images, or photocopies as original documents. The Contract may be executed in counterparts, which, when taken together, will constitute a completely executed copy of the Contract. This Contract will be governed by the laws of California.

DocuSign Envelope ID: C3F6D6E9-CF25-4A39-B1EB-C872E670598F

# ORACLE

**Payment Schedule**

**(Software) No.** _112642_

| | |
|---|---|
| Customer: | Advance Lifts, Inc. |
| Address: | 701 Kirk Rd |
| | Saint Charles IL 60174 |
| Contact: | |
| Phone: | |
| Email Notice: | |
| Order: | Estimate # 659880 |
| PPA No.: | 15292   Dated: 28 OCT 19 |

Executed by Customer (authorized signature):

Signature: _Hank Renken_

Name: Hank Renken

Title: President

Executed by Oracle Credit Corporation:

Signature: _[signature]_

Name: Lisa Strickland

Title: OFD Field Operations Manager

Contract Effective Date: 29 OCT 19    NAS Operations

| **System Price:** | | **Payment Schedule:** | |
|---|---|---|---|
| NetSuite Subscription Services: | $334,722.84 | **Payment Amount** | **Due Date:** |
| **Total:** | **$334,722.84** | 30 @ $6,694.46 | Monthly from 01-May-20 through 01-Oct-22 |
| | | 24 @ $5,578.71 | Monthly from 01-Nov-22 through 01-Oct-24 |
| | | 54 payments due as set forth above. | |

**Taxes:** An amount equal to Taxes shall be payable through the Contract with each Payment Amount. The Supplier shall issue invoice(s) as per the Order and Taxes shall be charged at the applicable tax rate on invoice date.

**Transaction Specific Terms** (any terms specified in this section will supersede inconsistent terms elsewhere in the Contract):

This schedule ("Schedule") is entered into by Customer and Oracle Credit Corporation ("OCC") for the acquisition of the System from the applicable Supplier. This Contract replaces Customer's payment obligation when due under the Order to Supplier to the extent of the System Price listed above and Customer agrees to pay the System Price on an installment basis. This Schedule incorporates by reference the terms and conditions of the above-referenced PPA to create a separate Contract. Any reference to "Order" or "Agreement" in this Contract shall mean the above-referenced Order, together with any other agreement governing Customer's right in the System. Each component of the System specified herein is further described in the Order. Cloud services are subscription services, which may include SaaS, PaaS or IaaS, that are paid through this Contract. The System includes any cloud services that replace the cloud services included in the System, and the Order includes orders for such replacement cloud services. The System Price is the amount set forth above for the items that are paid for through this Contract.

**A. SYSTEM:** For the purposes of this Contract, the software, services, and cloud services are accepted. Upon delivery of the System, if the total amount invoiced by Supplier is less than the fees specified in the Order, then OCC will decrease the System Price and Payment Amounts accordingly. If any portion of the System has not been delivered (or, for cloud services, the services period has not commenced) 45 days after the Contract Effective Date, then OCC may, with written notice, remove the fees for that portion from the System Price and reduce the Payment Amounts by the amount attributable to that portion of the System. OCC and Customer may agree to mutually acceptable terms and enter into a new, separate Contract for any portion of the System that was removed from this Contract; otherwise, Customer will pay the Supplier for the removed portion as per the Order. Until all sums due under this Contract are paid, Customer agrees that Customer's access to use all cloud services provided under the Order, including any renewals or extensions (and their replacements), are subject to Customer's full performance of the terms of this Contract. Before any part of the System is converted, replaced or traded in by Customer or any other party, Customer shall contact Operations to make arrangements to fulfill all its financial obligations under the Contract.

If the System Price includes fees for renewal periods of services after the first period of services (as such period is defined in the Order), such services will be "Renewal Services" and will be ordered through this Contract. At the start of each Renewal Services period, Renewal Services for that period will become a part of the System and are accepted for purposes of Customer's payment obligations under the Contract. Renewal Services fees (and applicable Taxes) will be paid to Supplier (pursuant to the Supplier invoice) through this Contract, from the Payment Amounts (and applicable Taxes) received in the applicable Renewal Service period. Future increases in fees for Renewal Services (if any) are not included in the System Price or Payment Amounts, and shall be due separately to the applicable Supplier from Customer. Each Payment Amount (net of fees for Renewal Services, if any) is comprised of a proportional amount of each component of the System Price (net of total fees for Renewal Services, if any). The term Order also includes orders (in whatever form) for Renewal Services included in the System

If Supplier reduces the Order fees due to Customer's termination of cloud services, Customer will promptly notify Operations, and any fees for the terminated services that are not yet due under the Order as of the effective date of termination shall be the "Reduction Amount." The Reduction Amount will be removed from the System Price and applied to reduce the last Payment Amount, and if it exceeds the last Payment Amount, any excess amounts will be applied to each preceding Payment Amount until the Reduction Amount has been fully utilized. Customer may claim a refund from Supplier for fees for terminated services already due under the Order, if any. The refund will not include fees not yet due under the Order. If the System does not include software or hardware, then on the effective date of termination, all remaining Payment Amounts (as adjusted for the Reduction Amount) will become due.

**B. ADMINISTRATIVE:** Customer agrees that OCC may insert the appropriate administrative information to complete the Contract, and OCC will provide a copy of the Contract upon request. In this Contract, the discount rate in the Remedies Section of the PPA shall be the lesser of the rate in the Contract or 2% (the "Index Rate"). OCC will countersign this Schedule upon Customer's delivery of a fully executed Order, PPA, and any other documentation required by OCC (in form and substance acceptable to OCC), and upon such countersignature, the Contract will be effective as of the Contract Effective Date. All notices or contact for Operations shall be sent to ofd-notice_ww@oracle.com.

DocuSign Envelope ID: 449C398C-F8AC-422B-AD07-CEB2E3FE34D9

**Amendment No. 1**
to Payment Schedule No. 112642 dated 28-OCT-2019 ("PS")
to the Payment Plan Agreement No. 15292 dated 28-OCT-2019 ("PPA") (together, the "Contract")
between Advance Lifts, Inc. ("Customer")
and Oracle Credit Corporation, assigned to Banc of America Leasing & Capital, LLC ("Assignee")

Customer has entered an additional order with Supplier, Estimate# __777528__ dated __10/20/2020__, and will pay the fees due thereunder through the Contract. As a result, Customer and Oracle Credit Corporation agree to amend the Contract so that:

(a) The Order applicable to this Contract will also include Estimate# __777528__ dated __10/20/2020__;

(b) The System Price is amended as follows:

| From: | | To: | |
|---|---|---|---|
| Cloud Services | USD 334,722.84 | Cloud Services | USD 411,860.34 |
| TOTAL | USD 334,722.84 | TOTAL | USD 411,860.34 |

and,

(c) The Payment Amounts are revised as follows:

From:
30 @ USD 6,694.46 - Monthly From 01-MAY-20 through 01-OCT-22
24 @ USD 5,578.71 - Monthly From 01-NOV-22 through 01-OCT-24

To:
12 @ USD 6,694.46 - Monthly From 01-MAY-20 through 01-APR-21
18 @ USD 9,265.71 - Monthly From 01-MAY-21 through 01-OCT-22
12 @ USD 8,149.96 - Monthly From 01-NOV-22 through 01-OCT-23
12 @ USD 5,578.71 - Monthly From 01-NOV-23 through 01-OCT-24

All other provisions of the Contract are unchanged and in full force and effect.  Oracle has obtained Assignee's consent to this Amendment.

The Effective Date of this Amendment No. 1 is __28-Oct-2020__

Advance Lifts, Inc.
By: *Al Boriss*
Name: Al Boriss
Title: Controller

Oracle Credit Corporation
By: *Lisa Strickland*
Name: Lisa Strickland
Title: Oracle Financing Manager, NA Operations

PS Amendment 1.1 – by *APEX*